US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
JUL 28 2021
JAMIE GIANI, Clerk
By _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 3:21CR30014-001 |
| | ) | 21 U.S.C. § 841(a)(1) |
| VS. | ) | 21 U.S.C. § 841(b)(1)(A)(viii) |
| | ) | 21 U.S.C. § 846 |
| AUSTIN GLENN ANGEL | ) | |

## INDICTMENT

The Grand Jury Charges:

### COUNT ONE

Beginning on or about an unknown date, but at least as early as January 1, 2021, and continuing to on or about May 27, 2021, in the Western District of Arkansas, Harrison Division, the Defendant, **AUSTIN GLENN ANGEL**, and others known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate and agree with others known and unknown to the Grand Jury to distribute a mixture or substance that contained a detectible amount of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 21, United States Code, Section 846.

### COUNT TWO

On or about May 27, 2021, in the Western District of Arkansas, Harrison Division, the defendant, **AUSTIN GLENN ANGEL**, knowingly possessed with intent to distribute a controlled substance, namely, more than fifty (50) grams of methamphetamine, a Schedule II controlled substance.

1

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 21, United States Code, Section 841(b)(1)(A)(viii).

### NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

The allegations contained in Counts One and Two of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Sections 841, the defendant, **AUSTIN GLENN ANGEL**, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense[s] and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense(s). The property to be forfeited includes, but is not limited to, the following:

    a. A money judgment;

    b. $1,986.00 in U.S. Currency seized on May 27, 2021;

Moreover, if any property subject to forfeiture, as a result of any act or omission by the defendant:

    (a) Cannot be located upon the exercise of due diligence;

    (b) Has been transferred or sold to, or deposited with a third party;

    (c) Has been placed beyond the jurisdiction of the court;

    (d) Has been substantially diminished in value; or

    (e) Has been commingled with other property which cannot be subdivided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A True Bill.

*/s/ Grand Jury Foreperson*
Foreperson

DAVID CLAY FOWLKES
ACTING UNITED STATES ATTORNEY

By: Brandon Carter
Assistant United States Attorney
Ark. Bar Number 2005241
414 Parker Avenue
Ft. Smith, AR  72902
Phone:  (479) 249-9042
Fax:  (479) 441-0569
Email:  brandon.t.carter@usdoj.gov